IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KOHLER Z. JEFFRIES,**

        **Petitioner,**

        v.                      CASE NO.  08-3005-SAC

**RAY ROBERTS,
et al.,**

        **Respondents.**

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas.  Petitioner has paid the filing fee.  Having examined all materials filed, the court finds as follows.

Petitioner is serving consecutive sentences, one of life and two of 15 years to life, imposed in 1987 in Johnson County, Kansas, for first degree murder and two counts of aggravated robbery. Petitioner does not challenge his convictions or sentences. Instead, he seeks to challenge the execution of his sentences by the Kansas Department of Corrections (KDOC).  He claims the KDOC has erred in its computation of his parole eligibility date as December 25, 2016, and that he should have been eligible for parole in December, 2001[1].  He alleges in support that his parole eligibility date should have been set after he served 15 years rather than 30 years as it has been computed, and cites K.S.A. § 22-3717 and K.S.A.

---

[1] Mr. Jeffries cannot show the violation of a federal constitutional right because he alleges no liberty interest. As the state court found in <u>Gilmore v. Kansas Parole Board</u>, 243 Kan. 173, 756 P.2d 410, 415 (Kan. 1988):
> [T]he Kansas parole statute does not give rise to a liberty interest when the matter before the Board is the granting or denial of parole to one in custody.  Parole, like probation, is a matter of grace in this state.  It is granted as a privilege and not as a matter of fundamental right.

§ 21-4608(g).

Petitioner alleges he filed a grievance with KDOC, and raised this claim in the District Court of Butler County, Kansas, by post-conviction petition pursuant to K.S.A. § 60-1501. His 1501 motion was denied without a hearing on March 1, 2006. He appealed the denial to the Kansas Court of Appeals (KCOA), which affirmed on August 17, 2007. His Petition for Review was denied on November 8, 2007. This court is asked to order that his parole eligibility date be changed to December, 2001, or appoint counsel and conduct a an evidentiary hearing.

In his Memorandum in Support of his Petition, Mr. Jeffries challenges the KDOC's and the state courts' statutory construction of the two state statutes cited in his Petition[2]. He claims they are not giving these statutes their plain and reasonable meaning. He argues a "distinct rift" exists between K.S.A. § 22-3717 and K.S.A. 21-4608(g). He further argues § 22-3717 deals only with the timing of parole eligibility and applies to convictions prior to 1993, while § 21-4608(g) is not a parole eligibility statute and deals with the calculation of terms and satisfaction of sentences. He contends that § 21-4608(g) is the more specific, "controlling statute;" and clearly provides that when a sentence involves definite and indefinite terms the sentence is satisfied by the serving of the indeterminate term. Based on these allegations and arguments, petitioner claims his definite term of life "was

---

[2] Petitioner attaches the final denial of his administrative appeal dated August 22, 2005. He also attaches the decision of the Butler County District Court denying his 1501 petition and the opinion of the KCOA affirming that denial.

2

satisfied by the completion" of his indefinite term of his two sentences of 15 years to life.

Petitioner argues this court should "grant review of this matter" because it is one of first impression and the state appellate court understood his arguments but simply disagreed and provided no analysis. He further argues the "Rule of Lenity" should apply.

It is clear that petitioner's claims involve legal issues only, and for that reason no evidentiary hearing is required. The legal analysis by the state district court in its unpublished opinion follows:

> The court finds that KDOC has correctly computed Jeffries' sentence. KSA 22-3717(c) controls . . . . Petitioner was given a sentence which provided that counts two, four, and six should run consecutively to each other. Count six was a life sentence and counts two and four were fifteen to life sentences. Under the statute, petitioner must serve 15 years of the life sentence plus 7½ years for each fifteen to life sentence before he reaches his parole eligibility date. His sentence begins date was December 25, 1986. His earliest parole eligibility date is clearly December 16, 2016.

Petition (Doc. 1), Attach. 2 (Order Summarily Denying Writ of Habeas Corpus, Mar. 1, 2006). The court rejected petitioner's argument that his life sentence was determinate, and found it was neither determinate nor indeterminate as it has no maximum or minimum which can be set by the court. Having rejected this basic premise of petitioner's argument, the court found § 22-3717 applied to his situation because of the way his crimes were classified and his sentences were imposed: he had been sentenced for a Class A felony and two Class B felonies all to run consecutively. The state court further found § 22-3717 "clearly states how such a situation is to be calculated," and that the KDOC had followed the statute.

3

On appeal, the KCOA reasoned:

K.S.A. 22-3717(c) states in part:

> "[I]f an inmate is sentenced to imprisonment for more than one crime and the sentences run consecutively, the inmate shall be eligible for parole after serving the total of:
> (1) The aggregated minimum sentences, as determined pursuant to K.S.A. 21-4608 and amendments thereto, less good time credits for those crimes which are not class A felonies; and
> (2) an additional 15 years, without deduction of good time credits, for each crime which is a class A felony.
> Applying K.S.A. 22-3717(c), we conclude Petitioner should serve 15 years for his life sentence (a class A felony) without any deduction for good time, plus 7 ½ eyars on each of his 15 to life sentences – meaning he would have to serve a total of 30 years before becoming eligible for parole. . . .  K.S.A. 22-3717(c) clearly addresses how Petitioner's parole eligibility should be calculated, and the State correctly followed the statute.

Petition (Doc. 1), Attach. 4 (<u>Jeffries v. Roberts</u>, App.Case No. 97,600 (KCOA, Aug. 17, 2007, unpublished).  In addition, the highest Kansas court disagreed with petitioner's statutory interpretations and sentence computation arguments.  Petitioner fails to identify how those decisions violate his federal constitutional rights.  It is not the province of a federal habeas court to reexamine state-court determination on state-law questions.  See  <u>Estelle v. McGuire</u>, 502 U.S. 62, at 67-68 (1991).

Federal habeas corpus relief is available to remedy violations of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); <u>Overturf v. Massie</u>, 385 F.3d 1276, 1279 (10th Cir. 2004).  The computation or aggregation of multiple state sentences and the effects of probation and parole violations and decisions are matters governed by state statutes and regulations.  Interpretation of such provisions is purely a matter of state law.  Thus, they are not proper grounds for federal habeas corpus relief under Section

2241.  See Overturf, 385 F.3d at 1279 (sentencing errors in violation of state law cannot be remedied through federal habeas corpus motions).

Petitioner will be given time to show cause why this action should not be dismissed because his claims are matters of state law, and do not present a federal constitutional violation for review on federal habeas corpus.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to show cause why this action should not be dismissed for failure to state a claim for relief under 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

Dated this 6th day of February, 2008, at Topeka, Kansas.

                                        s/Sam A. Crow
                                        U. S. Senior District Judge