```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**KOHLER Z. JEFFRIES,**

                Petitioner,

       v.                    CASE NO.  08-3005-SAC

**RAY ROBERTS,**
**et al.,**

                Respondents.

### O R D E R

This matter is before the court upon petitioner's Notice of Appeal (Doc. 9) and Motion for Certificate of Appealability (Doc. 10). Having considered these matters, the court finds as follows.

Petitioner paid the filing fee to initiate this habeas corpus action. He filed this challenge to the execution of his sentence on forms for a petition under 28 U.S.C. § 2254, but expressly sought relief pursuant to 28 U.S.C. § 2241. The action was dismissed by Order entered on August 22, 2008, for failure to state a valid claim for federal habeas corpus relief.

Petitioner's Motion for Reconsideration was received and filed by the court on September 5, 2008. He did not refer to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure in his motion. The court treated the motion, which was on its face file-stamped 14 days after the entry of judgment, as one under Fed.R.Civ.P. Rule 60(b), and denied the motion on August 18, 2009.

Petitioner appeals the denial of his Motion for Reconsideration. He argues that this court erroneously held his

motion was not filed within ten days of the judgment dismissing the case, and thus erroneously considered as one under Rule 60(b) rather than a motion under Rule 59.  He has not filed a motion in this court challenging these rulings.  However, in considering petitioner's Notice of Appeal (Doc. 9), this court agrees with petitioner and holds that his Motion for Reconsideration was filed within ten (10) days of the judgment of dismissal in this case[1]. The court makes this ruling based upon petitioner's post-decision assertions of exemptions under Fed.R.Civ.P. Rule 6(a) of several weekend and holiday days as well as the prison mailbox rule from the 14-day period of time.

     The court sua sponte corrects its finding and ruling herein because whether or not petitioner's post-judgment motion was filed within ten days of the judgment of dismissal affects his ability to appeal the judgment of dismissal in this case.  As the Tenth Circuit Court of Appeals has explained:

> The distinction is significant because a Rule 59(e) motion tolls the thirty-day period for appeal while a Rule 60(b) motion does not.  Id. Thus, "an appeal from the denial of a motion to reconsider construed as a Rule 59(e) motion permits consideration of the merits of the

---

[1] Petitioner does not even suggest that the treatment of his post-judgment motion as one under Rule 59 rather than Rule 60(b) would have entitled him to relief.  The court notes it would have denied relief on the same grounds, even if petitioner's motion had been correctly treated as one under Rule 59.  The court's findings were that petitioner's self-styled motion for reconsideration did nothing more than reargue the merits of his claims and advance new arguments, which could have been presented in the petitioner's original filings; and that he had presented no convincing argument or authority in his motion to contradict the court's decision that he had shown no violation of a federal constitutional right so as to be entitled to relief under § 2241.  As the court stated in its Order, Mr. Jeffries did not demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action.

2

> underlying judgment, while an appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the underlying judgment." Id. (citing multiple cases).

U.S. Gaskin, 145 F.3d 1347, *2 (10th Cir. 1998, Table). The correct ruling is that petitioner did file his Motion for Reconsideration within ten days of judgment, and it should have been treated as one under Rule 59. It follows that petitioner's Notice of Appeal of the judgment dismissing this case is not untimely.

Petitioner makes his arguments regarding the court's failure to properly characterize his post-judgment motion in his Application for Certificate of Appealability (COA)(Doc. 10). However, the court finds no basis in these arguments for a COA.

Pursuant to 28 U.S.C. § 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure, Title 28 U.S.C., this appeal may not proceed unless a district judge or circuit judge issues a certificate of appealability (COA). See Montez v. McKinna, 208 F.3d 862, (10th Cir. 2000)("[T]his court holds that a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241"). Under Section 2253(c), a COA may issue only upon the "substantial showing of the denial of a constitutional right." This standard for granting a COA is the same as set out by the Supreme Court in Barefoot v. Estelle, 463 U.S. 880 (1983). Slack v. McDaniel, 529 U.S. 473, 483 (2000). Under the Barefoot standard, a certificate will issue only where the petitioner has demonstrated the issues raised are debatable among jurists of reason, a court could resolve

the issues differently, or the questions presented are deserving of further proceedings.  See Barefoot, 463 U.S. at 893, FN4.  For the reasons stated in the court's Orders dated August 22, 2008, and August 18, 2009, the court finds petitioner has not demonstrated that the issues he has raised are "debatable among jurists of reason" or any other of the prerequisites for issuance of a COA. Accordingly, this court declines to issue a certificate of appealability.

Petitioner paid the district court filing fee in this action.  He has not submitted the appellate court filing fee.  Nor has he filed a Motion for Leave to Appeal without prepayment of the fee, supported by a certified copy of his inmate account statement for the 6-month period immediately preceding the filing of this Notice of Appeal, as required by 28 U.S.C. § 1915(a)(2).  He is given time to satisfy the appellate filing fee in one of these two ways.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Reconsideration denied on August 18, 2009, is hereby construed as a Motion under Fed.R.Civ.P. Rule 59.

**IT IS FURTHER ORDERED** that petitioner's Application for Certificate of Appealability (Doc. 10) is denied.

**IT IS FURTHER ORDERED** that petitioner is granted twenty (20) days to either submit the appellate court filing fee to this court in full, or file a motion for leave to proceed without prepayment of fees on appeal that is properly supported and upon

4

forms provided by the court.

The clerk is directed to send petitioner forms to use for filing a motion for leave to proceed without prepayment of fees on appeal.

**IT IS SO ORDERED**.

Dated this 9th day of September, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
